[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM AND ORDER RE PREJUDGMENT REMEDY HEARING
The plaintiff has instituted a civil action seeking damages against the defendants. He alleges that he was convicted of a robbery that occurred on the premises of Store Twenty Four. He claims that the defendant store, and a store employee, turned over a surveillance videotape of the incident to New Haven Police where he alleges the tape was somehow mishandled.
The individual defendant was not served, so that no action is pending against her. The plaintiff has made no allegations in his papers as to the corporate status of the other defendant that would allow the court to determine whether that defendant was either properly named or served.
The plaintiff who is currently incarcerated and is proceedingpro se, has filed an application for a prejudgment remedy for thirty million dollars against the defendants. He has applied for the issuance of eight subpoenas directed to police officers, state's attorneys, public defenders, and the store employee. He seeks a writ of habeas corpus ad testificandum to appear and testify at a hearing on the prejudgment remedy. CT Page 5360
This court is mindful that Connecticut law allows "great latitude to a litigant who, either by choice or necessity, represents himself in legal proceedings, so far as such latitude is consistent with the just rights of any adverse party. . . ."Bitonti v. Tucker, 162 Conn. 626, 627, cert. den., 409 U.S. 851
(1972). Based on the complaint, the plaintiff's affidavit in support of his application for prejudgment remedy, and the exhibits attached to the complaint (arrest warrant, court transcripts, handwritten notes, and a police report), the court declines to schedule the matter at this time for a prejudgment remedy hearing. The plaintiff has failed to allege and attest to facts sufficient to establish probable cause that a judgment will enter in his favor against the defendant. Because neither the complaint nor the affidavit set forth "a statement of facts sufficient to show that there is probable cause that a judgment . . . will be rendered in the matter in favor of the plaintiff," Conn. Gen. Stat. § 52-278c(2), the plaintiff is not entitled to a prejudgment remedy. Conn. Gen. Stat. §52-278b.
The court declines to issue a show cause order and to schedule a hearing for a prejudgment remedy at this time; and further declines to authorize the issuance subpoenas for such a hearing and declines to grant the writ of habeas corpus.
PATTY JENKINS PITTMAN, JUDGE